

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

Bernard J. Cooney
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2823

February 4, 2020

Gary L. Cutler, Esq.
Gary L. Cutler, P.C.
One Gateway Center, Suite 2600
Newark, NJ 07102

Re:   Plea Agreement with Kacey C. Plaisance

Dear Mr. Cutler:

This letter sets forth the plea agreement between your client Kacey C. Plaisance ("Plaisance") and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on February 24, 2020, if an executed copy is not returned to this Office on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Plaisance to a two-count Information, which charges Plaisance with conspiring to: (1) commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 371 (Count One); and (2) receive illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371 (Count Two). If Plaisance enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Plaisance for, through Ark Laboratory Network, LLC ("Ark"), from in or about 2017 through in or about January 2019, conspiring to commit health care fraud and to receive kickbacks and bribes from clinical laboratories in exchange for referrals of orders for genetic tests. In addition, if Plaisance fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the Indictment, Crim. No. 19-693 (BRM), as to Plaisance.

1

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Plaisance agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Plaisance may be commenced against him, notwithstanding the expiration of the limitations period after Plaisance signs the agreement.

Sentencing

The violations of 18 U.S.C. § 371 charged in Counts One and Two of the Information to which Plaisance agrees to plead guilty each carry a statutory maximum prison sentence of five years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Plaisance is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Plaisance ultimately will receive.

Further, in addition to imposing any other penalty on Plaisance, the sentencing judge, with respect to both Count One and Count Two: (1) will order Plaisance to pay an assessment of $100 on each count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Plaisance to pay restitution pursuant to 18 U.S.C. §§ 3563(b)(2), 3583(d), or 3663; (3) may order Plaisance, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Plaisance to serve a term of supervised release of not more than three years on each of Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should Plaisance be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Plaisance may be sentenced to not more than

2

two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution Agreement

In addition, Plaisance agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Plaisance by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

### Stipulations

This Office and Plaisance agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Plaisance from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing

proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Plaisance waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Plaisance agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 371, and to receive illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371, as charged in the Information.

Plaisance waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Plaisance further agrees that on or before the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Plaisance fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Plaisance has intentionally failed to disclose assets on his Financial Disclosure Statement, Plaisance agrees that

that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Plaisance understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Plaisance. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Plaisance.

No provision of this agreement shall preclude Plaisance from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Plaisance received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Plaisance and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Bernard J. Cooney
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

      I have received this letter from my attorney, Gary L. Cutler, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 3-4-20
Kacey C. Plaisance


      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 3/4/20
Gary L. Cutler, Esq.

7

## Plea Agreement with Kacey C. Plaisance

### Schedule A

1. This Office and Kacey C. Plaisance ("Plaisance") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Plaisance nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Plaisance within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Plaisance further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

### Count One — Conspiracy to Commit Health Care Fraud

3. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count One is a conspiracy to commit health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

5. Because this offense involved losses totaling more than $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels. U.S.S.G. § 2B1.1(b)(1)(I).

6. Because the offense was committed through mass marketing, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(ii).

7. Because Plaisance was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $1,000,000, the offense level is increase by 2 levels. U.S.S.G. § 2B1.1(b)(7).

8. Because Plaisance knew or should have known that a victim of the offense was a vulnerable victim, the offense level is increased by 2 levels. U.S.S.G. § 3A1.1(b)(1).

9. Because Plaisance was an organizer, leader, manager, or supervisor in the criminal activity, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

10. The Total Base Offense Level for Count One is 30.

### Count Two — Conspiracy to Receive Kickbacks

11. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count Two is a conspiracy to receive kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

12. Under U.S.S.G. § 2B4.1, the base offense level is 8. U.S.S.G. § 2B4.1(a).

13. Because this offense involved bribes totaling more than $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels. U.S.S.G. §§ 2B4.1(b)(1)(B) and 2B1.1(b)(1)(I).

14. Because Plaisance was an organizer, leader, manager, or supervisor in the criminal activity, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

15. The Total Offense Level for Count Two is 26.

### Grouping of Multiple Counts

16. The Government and Plaisance agreement that the conspiracy to commit health care fraud and the conspiracy to receive kickbacks are grouped together into a single group because those counts involve "substantially the same harm" under U.S.S.G. § 3D1.2. The offense level for this group, pursuant to U.S.S.G. § 3D1.3 is the highest offense level of the counts in the Group, or 30. Accordingly, the total combined offense level is 30.

### Acceptance of Responsibility and Plea

17. As of the date of this letter, Plaisance has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Plaisance's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

18. As of the date of this letter, Plaisance has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying

authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Plaisance's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Plaisance enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Plaisance's acceptance of responsibility has continued through the date of sentencing and Plaisance therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Plaisance's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

19. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Plaisance is 27 (the "agreed total Guidelines offense level").

20. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

21. Plaisance knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

22. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.